FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 29 2011 ★
BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DR. GERALD FINKEL, *as Chairman of the Joint Industry Board of the Electrical Industry*,

                Plaintiff,

-against-

UNIVERSAL SECURITY SYSTEMS, INC.,

                Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-4520 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Dr. Gerald Finkel, as Chairman of the Joint Industry Board of the Electrical Industry, moves for default judgment against Defendant Universal Security Systems, Inc. (Mot. Default J. (Docket Entry # 7).) The court grants Plaintiff's Motion, and refers this matter to Magistrate Judge Lois Bloom for a Report and Recommendation on damages and injunctive relief.

## I. BACKGROUND

Plaintiff brings this suit in his capacity as Chairman of the Joint Industry Board of the Electrical Industry (the "Board"). (See Compl. (Docket Entry # 1) ¶ 4.) The Board jointly administers "various employee benefit plans established and maintained pursuant to collective bargaining agreements between Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO," and participating employers and employer associations. (Id. ¶ 4.) The Board acts as the fiduciary of certain employee benefit plans within the meaning of §§ 3(16)(A)(i) and 3(21)(A) of the Employee Retirement Income Security Act ("ERISA"), codified at 29 U.S.C. §§ 1002(16)(A)(i), (21)(A). (Id. ¶ 5.)

1

On October 5, 2010, Plaintiff filed his Complaint against Defendant Universal Security Systems, Inc. ("Universal"). (Compl.) Plaintiff alleges that Universal is an "employer" within the meaning of § 3(5) of ERISA, codified at 29 U.S.C. § 1002(5), and § 301(a) of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. § 185(a). (Id. ¶ 10.) The Complaint alleges that Universal has failed to comply with its obligation to remit required ERISA and non-ERISA contributions in accordance with its Collective Bargaining Agreements ("CBAs"). (Id. ¶¶ 11-16, 23-39.) Plaintiff further alleges that Universal has failed to remit required information, including Payroll Reports and 401(k) Plan Reports, to the Board as required by the CBAs. (Id. ¶¶ 16-19.) Finally, Plaintiff states that an audit that the Board conducted of Universal's 2008-09 payroll records revealed that Universal failed to report wages for seven employees who performed work during that period, and failed to make required contributions based on those wages. (Id. ¶¶ 27-30.) Plaintiff asserts four causes of action against Universal: that Universal has failed to remit contributions and Payroll Reports in accordance with the terms of ERISA Plan documents, that Universal has acted in breach of the CBAs in violation of the LMRA, and two claims that Universal has breached its fiduciary duties with regard to the 401(k) Plan in violation of ERISA. (Id. ¶¶ 40-51.)

Plaintiff seeks monetary damages for unpaid contributions, interest and liquidated damages on unpaid and late-paid contributions, and attorneys' fees and costs. (Compl. at 12-13; Statement of Amounts Due (Mot. Default J., Ex. B).) Plaintiff also seeks injunctive relief requiring Universal to submit missing Payroll Reports and 401(k) Plan Reports up until the date of judgment. (Compl. at 12.)[1]

---

[1] In his Motion for Default Judgment, Plaintiff also requests that this injunctive relief be ordered with respect to reports that will come due after the date of judgment. (Mot Default J. at 23-24.) Plaintiff's Motion for Default Judgment suggests that the court should order that:

Plaintiff properly served his Summons and Complaint through an authorized agent of the New York Secretary of State on October 13, 2010. (Affidavit of Service (Docket Entry # 2) (showing that proof of service was filed with the court on October 25, 2010).) See also N.Y. Bus. Corp. Law § 306(b)(1). Because Universal failed to file an answer or otherwise move with respect to the Complaint, the Clerk of Court entered a notice of default against Universal on December 16, 2010, pursuant to Federal Rule of Civil Procedure 55. (Docket Entry # 4.)

On March 29, 2011, Plaintiff filed his Motion for Default Judgment. In support of this Motion, Plaintiff submitted a Memorandum of Law (Docket Entry # 10), two affidavits (Docket Entry ## 8, 9), and over 450 pages of supporting documentation (Docket Entry ## 8-1, 8-2, 8-3, 8-4, 8-5, 8-6, 9-1, 9-2). Defendant has not responded, and its time to do so has passed.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) provides that where a party fails to plead or otherwise defend against a complaint, and after entry of default, default judgment may be entered against such person. Upon entry of default, a court should accept as true all factual allegations in the complaint, except those relating to damages. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); J & J Sports Prods. v. M & J Wins, Inc., No. 07-CV-6019 (RJH), 2009 U.S. Dist. LEXIS 35088, at *2 (S.D.N.Y. Apr. 23, 2009). In this case, Plaintiff's allegations are

---

- Defendant provide Payroll Reports for weeks "which have not been submitted as of the date judgment is entered *and shall continue to submit the weekly payroll reports when due thereafter*";

- Defendant provide an accounting for payroll weeks "which have not been submitted as of the date judgment is entered *and shall continue to submit the weekly payroll reports when due thereafter*"; and

- Defendant pay "all contributions determined to be due pursuant to the collective bargaining agreement for all weeks that are unpaid as of the date judgment is entered *and thereafter.*"

(Id. (emphasis added).) The Complaint does not include any such requests for prospective injunctive relief (see Compl. at 12-13). As discussed below, the court will refer questions of both monetary and injunctive relief to the Magistrate Judge.

3

sufficient to establish Universal's liability as specified in the Complaint. Accordingly, default judgment is appropriate.

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The court has an independent obligation to assess requests for damages, which "usually must be established by the plaintiff in an evidentiary proceeding." Greyhound Exhibitgroup, 973 F.2d at 158; see also Fed. R. Civ. P. 55(b)(2) (stating that "the court may conduct . . . a hearing" to determine the amount of damages on default judgment). The Second Circuit, however, has approved making such a determination without a hearing where detailed affidavits and other documentary evidence provide the court with a sufficient basis for doing so. See Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (citing additional cases); see also La Barbera v. Fed. Metal & Glass Corp., 666 F. Supp. 2d 341, 349 (E.D.N.Y. 2009) (in an action to recover ERISA contributions, making damages determination without a hearing).

The court accordingly refers this matter for a damages inquest before Magistrate Judge Lois Bloom for a Report and Recommendation, including any awards of interest, attorneys' fees, or costs. The Report and Recommendation shall also address whether Plaintiff has provided the court with sufficient evidence to satisfy the requirements for injunctive relief. See La Barbera, 666 F. Supp. 2d at 349-50.

## III.  CONCLUSION

Plaintiff's Motion for Default Judgment is GRANTED. Pursuant to 28 U.S.C. § 636(b)(1)(B), the court refers this matter to Magistrate Judge Lois Bloom for a Report and Recommendation on damages and injunctive relief.

SO ORDERED.

                                                  s/Nicholas G. Garaufis

Dated: Brooklyn, New York                     NICHOLAS G. GARAUFIS
       July 27, 2011                               United States District Judge